```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/2020
```

-against-

VITO NIGRO,

Defendant.

20 Cr. 370 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Government's motion to adjourn the status conference scheduled for September 14, 2020, ECF No. 12, is GRANTED.  The status conference scheduled for September 14, 2020, is ADJOURNED *sine die.*

It is ORDERED that time between September 14, 2020 and October 14, 2020 is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), in the interests of justice. The Court finds that the ends of justice served by granting the exclusion outweigh the best interests of the public and Defendant in a speedy trial, because such an extension is necessary to efficiently administer the Court's docket consistent with public safety, and because it will allow the parties to continue discussing a pretrial disposition.

In addition, however, the Court finds that significant further delay of Defendant's change of plea hearing could cause "serious harm to the interests of justice," and the Court accordingly believes that it would be warranted in conducting a change of plea hearing via videoconference under Section 15002(b)(2)(A) of the CARES Act, Pub. L. No. 116-136 (2020).  Defense counsel has previously indicated that Defendant consents to having the change of plea hearing conducted remotely.[1]  ECF No. 10.  The CARES Act's provision for conducting change of plea and sentencing hearings by videoconference when necessary reflects Congress's understanding that criminal proceedings must not be delayed indefinitely.  *See United States v. Cohen*, No. 19 Cr. 741, 2020 WL 2539115, at *3 (S.D.N.Y. May 19, 2020) ("[T]he CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty.").  Defendant and the public both have a strong interest in cases being brought to a speedy resolution, reflected in the Speedy Trial Act and the Sixth Amendment.  *See United States v. Bert*, 814 F.3d 70, 83 (2d Cir. 2016) ("There is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." (internal quotation marks and citation omitted)).  And, on September 9, 2020, Chief Judge Colleen McMahon ended the district-wide suspension of the Speedy Trial Act, finding that "although the emergency brought on by the spread of the coronavirus . . . has not yet ended," courts in this district can begin the process of resuming criminal trials. *In re: Coronavirus/COVID-19 Pandemic*, 20 Misc. 196, ECF No. 4 (S.D.N.Y. Sept. 9, 2020).

---

[1] The Court also notes that, even in the absence of the authorization provided by the CARES Act, the Second Circuit has held that a defendant may waive his right to be physically present in court for certain proceedings under Rule 43 of the Federal Rules of Criminal Procedure.  *United States v. Salim*, 690 F.3d 115, 122 (2d Cir. 2012).

The Court concludes that the uncertainty and deferral of punishment that would result from continual delay of the change of plea hearing in this matter constitute serious harms to the interests of justice.  *See Cohen*, 2020 WL 2539115, at *2.  Accordingly, the Court holds that the standard set out in Section 15002(b)(2)(A) of the CARES Act is met, and the Court may lawfully conduct a change of plea hearing by videoconference, if Defendant consents to doing so.

Thus, it is ORDERED that by **September 25, 2020**, the parties shall submit a joint letter indicating whether Defendant consents to the Court conducting a change of plea hearing by videoconference, and if so, proposing dates for the proceeding.

SO ORDERED.

Dated: September 15, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge